﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200316-71908
DATE: January 29, 2021

ORDER

The Veteran’s appeal of the proposed decrease in the rating for his service-connected disability of prostate cancer with residual voiding dysfunction status post radical prostatectomy from 100 percent disabling to 20 percent is dismissed.

FINDING OF FACT

No final rating decision was issued on the proposed decrease in the rating for the Veteran’s service-connected disability of prostate cancer at the time when the Veteran filed his notice of disagreement.

CONCLUSION OF LAW

The proposed decrease in the rating for the Veteran’s service-connected disability of prostate cancer with residual voiding dysfunction status post radical prostatectomy is not a final decision; therefore, there is no question of law or fact on appeal with regard to this issue. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 3.105(e), 20.104, 20.202.

REASONS AND BASES FOR FINDING AND CONCLUSION

The appellant is a Veteran who served in active duty from November 1970 to April 1973. 

This matter comes before the Board of Veterans’ Appeals (“Board”) on appeal from February 2020 rating decision, which proposed a decrease in the rating for the Veteran’s service-connected disability of prostate cancer with residual voiding dysfunction status post radical prostatectomy from 100 percent disabling to 20 percent, issued by the Department of Veterans Affairs (“VA”) Regional Office (“RO”). This issue was not properly elevated to the Board for review. Therefore, the Board cannot adjudicate it.

The Veteran’s appeal of the proposed decrease in the rating for his service-connected prostate cancer with residual voiding dysfunction status post radical prostatectomy from 100 percent disabling to 20 percent is dismissed.

The Board has jurisdiction where there is a question of law or fact on appeal to the Secretary. 38 U.S.C. § 7104, 7105; 38 C.F.R. § 20.104. Under 38 U.S.C. § 7105, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105.

Additionally, where action by the rating agency would result in the reduction or discontinuance of compensation payments, as in the Veteran’s case, § 3.105(e) requires that a rating initially proposing the reduction or discontinuance be prepared setting out all material facts and reasons for the proposed action. 38 C.F.R. § 3.105(e). The regulation requires that the beneficiary of the compensation payments be notified at his or her latest address of record of the contemplated action, furnished detailed reasons therefore, and be given 60 days from the date of the notice for the presentation of additional evidence to show that the compensation payments should be continued at their present level. Id.

In a February 2020 rating decision, the RO proposed a decrease in the rating for the Veteran’s service-connected disability of prostate cancer with residual voiding dysfunction status post radical prostatectomy from 100 percent disabling to 20 percent. In the accompanying notification letter, the Veteran was given notice of the proposal as required under 30 C.F.R. § 3.105(e). Shortly thereafter, in March 2020 VA Form 10182 (notice of disagreement), the Veteran prematurely appealed this proposed reduction in the rating. A notice of disagreement may only be filed with respect to an “adjudicative determination.” See 38 C.F.R. § 20.202. The February 2020 proposed rating reduction decision did not constitute an “adjudicative determination;” rather, it was merely a proposal for a future determination. See Shipley v. Shinseki, 24 Vet. App. 458, 461 (2011) (holding a deferred decision does not constitute an “adjudicative determination” from which a notice of disagreement may be filed). Determination means a final decision by a court or administrative agency. Id. Again, at the time when the Veteran filed his notice of disagreement, the “decision” that he had appealed was only a proposal.

Thus, the appeal regarding the proposed rating reduction for the Veteran’s service-connected disability of prostate cancer is not properly before the Board for consideration as there is no question of law or fact. The Board notes that in May 2020 rating decision, RO reduced the rating from 100 percent to 40 percent. However, after reviewing June 2020 supplemental claim filed by the Veteran and July 2020 examination, RO confirmed rating of 100 percent for the Veteran’s service-connected prostate cancer in September 2020, which is a full grant. Thus, the February 2020 proposed rating reduction decision and May 2020 rating decision reducing the rating to 40 percent were never effectuated. 

(Continued on the next page)

 

Accordingly, the Board concludes that no question of law or fact regarding February 2020 proposed rating reduction decision is currently on appeal. Therefore, this claim is not properly before the Board for consideration. Hence, the Veteran’s appeal of the proposed decrease in the rating for his service-connected prostate cancer with residual voiding dysfunction status post radical prostatectomy from 100 percent disabling to 20 percent is dismissed.

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Tariq, Nadeem, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.